**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SANDEEP GARCHA,**<br><br>Plaintiff,<br><br>vs.<br><br>**QUALITY QUARTZ ENGINEERING, INC., ET AL.,**<br><br>Defendants. | CASE NO. 19-cv-01989-YGR<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 19 |

Plaintiff Sandeep Garcha brings this action against defendants Quality Quartz Engineering, Inc. ("QQE") and Michael Gauthier ("Gauthier") for alleged unlawful discrimination, retaliation, wrongful termination, and defamation and slander per se. (Dkt. No. 1, Ex. 1 ("Compl.").) Plaintiff originally filed his complaint in the California Superior Court, County of Alameda, Case No. RG-19007662. (*Id.*) Defendants later removed the action to this Court. (Dkt. No. 1 ("Removal").)

Now pending before the Court is plaintiff's motion to remand this action to state court pursuant to 28 U.S.C. section 1447(c). (Dkt. No. 19 ("Motion").) Having carefully considered the pleadings and the papers submitted, and for the reasons set forth more fully below, the Court hereby **GRANTS** plaintiff's motion to remand.[1]

## I.    BACKGROUND

### A.    Factual Background

The complaint alleges as follows:

Plaintiff, a resident of California, suffers from a disability that affects daily activities and

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the motion appropriate for decision without oral argument.

requires ongoing treatment. (Compl. ¶¶ 1, 7.) Beginning in or around August 2018, plaintiff was hired by QQE. (*Id*. ¶ 6.) Plaintiff provided QQE with notice of his disability. (*Id*. ¶ 8.) Gauthier, also a resident of California, is QQE's Vice President of Operations. (*Id*. ¶ 3) During the relevant period, Gauthier was plaintiff's supervisor. (*Id*.)

On or about November 12, 2018, plaintiff informed Gauthier that he felt ill and needed to visit the hospital as an accommodation of his disability. (*Id*. ¶ 9.) Plaintiff's physician placed plaintiff on two days bed rest. (*Id*. ¶ 10.) Thereafter, plaintiff contacted Gauthier to request a short medical leave as an accommodation of his disability. (*Id*.) Defendants failed to respond to plaintiff's request. (*Id*.)

On or about November 14, 2018, plaintiff again visited the hospital and was placed on bed rest for an additional three days. (*Id*. ¶ 11.) Plaintiff attempted to contact Gauthier regarding an extension of his medical leave. (*Id*. ¶ 12.) Defendants did not respond to plaintiff's communication until November 16, 2018, when defendants terminated plaintiff's employment. (*Id*. ¶¶ 12, 14.)

Further, leading up to and on the day of plaintiff's termination, defendants, including Gauthier, falsely publicized that plaintiff was a poor performer and unable to perform the duties of his position due to his disability. (*Id*. ¶¶ 15, 67.) Defendants further publicized that plaintiff deserved to be terminated. (*Id*. ¶ 70.) At the time these statements were published, defendants knew that they were false and unsubstantiated. (*Id*. ¶¶ 76-77, 79.)

Based upon these allegations, plaintiff asserts six causes of action: disability discrimination and retaliation under the Fair Employment and Housing Act (*id.* ¶¶ 18-28, 45-55); failure to accommodate (*id*. ¶¶ 29-39); failure to engage in good faith interactive process (*id*. ¶¶ 40-44); wrongful termination in violation of public policy (*id*. ¶¶ 56-63); and defamation and slander per se (*id*. ¶¶ 64-81). Only the sixth cause of action, for defamation and slander per se, is brought against both defendants, including Gauthier. (*Id.* ¶¶ 64-81.)

**B.      Procedural History**

Plaintiff filed his initial complaint in the California Superior Court, County of Alameda, on February 21, 2019. (Compl.) On March 14 and 15, 2019, plaintiff served copies of the summons,

complaint, and relevant papers on QQE and Gauthier, respectively. (Removal ¶¶ 4-5.) QQE filed an answer to the complaint on April 11, 2019. (*Id*. ¶ 6.) On or about April 12, 2019, defendants removed the action to federal court on the basis of diversity of citizenship. (*Id*. ¶ 1.) In the notice of removal, defendants concede that Gauthier is a citizen of California, and therefore, not diverse in citizenship from plaintiff. (*Id*. ¶ 15.) Defendants argued that Gauthier's citizenship should be disregarded for diversity purposes, however, because Gauthier was fraudulently joined as a defendant for the sole purpose of defeating a claim of diversity and accordingly, barring removal to federal court. (*Id.* ¶¶ 15-16.)[2]

## II.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The removal statutes are generally strictly construed, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941). Accordingly, there is a "strong presumption against removal jurisdiction" when evaluating a motion to remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction is upon the party seeking removal." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Doubts as to removability are generally resolved in favor of remanding the case to state court. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

A case may be removed pursuant to 28 U.S.C. section 1332 "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). However, one exception to the requirement of complete diversity is where a non-diverse defendant has been "fraudulently joined." Where the removing party claims that joinder of a non-diverse party was fraudulent, the removing party bears a "heavy burden" of establishing impropriety. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing *Smallwood v. Illinois Central Railroad Co*, 385 F.3d 568, 574 (5th Cir. 2004)). To satisfy this burden, the removing party must show "that the

---

[2] On April 16, 2019, Gauthier filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 21, which is currently pending before the Court. (Dkt. No. 8.)

3

individuals joined in the action cannot be liable on any theory."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Good v. Prudential Insurance Company of America*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998) ("The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.").  Further, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting *Burris v. AT & T Wireless, Inc.,* No. C 06–02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

**III.   ANALYSIS**

  **A.   Motion to Remand**

  Plaintiff asserts a single cause of action against Gauthier for defamation and slander per se.  Defendants contend that this claim fails, and accordingly, that Gauthier was fraudulently joined, for two reasons: (i) Gauthier is shielded from liability under California Civil Code section 47(c) and the common interest privilege (Dkt. No. 21 ("Opp.") at 2-3); and (ii) the alleged defamatory statements were non-actionable statements of opinion (*id*. at 5-6).[3]

  As to the first issue, that is, whether the common interest privilege applies, the Ninth Circuit has indicated that defendants may not "use [an] affirmative defense . . . as a basis for asserting fraudulent joinder in order to invoke diversity jurisdiction."  *Hunter*, 582 F.3d at 1044-45 (finding district court erred in considering preemption defense as basis for fraudulent joinder argument).  Rather, affirmative defenses, such as a privilege defense, "should [be] brought in the context of attacking the merits of [plaintiff]'s case, rather than as a basis for removing the case to federal court."  *Id*.[4]

───────────────

  [3] To state a prima facie case for defamation, a plaintiff must allege facts that show that defendants made "(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage."  *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007) (citation omitted).  Slander is verbal defamation.  *Ringler Associates Inc. v. Maryland Cas. Co.,* 80 Cal.App.4th 1165, 1180 (2000).

  [4] Defendants themselves characterize their privilege argument as a "complete defense" to plaintiff's defamation claim.  (Opp. at 3, quoting *Noel v. River Hills Wilsons, Inc.*, 113 Cal. App. 4th 1363, 1368-69 (2003).)

Moreover, even if the defendants could assert a privilege defense to establish fraudulent joinder, defendants have not carried their burden of establishing that, as a matter of law, the privilege applies. California Civil Code section 47(c) defines a privileged publication or broadcast as one made:

> [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

Thus, based on the plain language of the statute, the privilege does not apply to communications made "without malice." Cal. Civil Code § 47(c); *see also Rossitto v. Safeway, Inc.,* No. 12–CV–05857–MEJ, 2014 WL 1047729, *9 (N.D. Cal. March 17, 2014) ("[A] defendant who makes a statement to others on a matter of common interest is immunized from liability for defamation so long as the statement is made 'without malice'."). A statement is made without malice if it is "reasonably calculated to protect or further [a common] interest." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.,* 525 F.3d 822, 826-27 (9th Cir. 2008).

Defendants argue that any statements made by defendants regarding the reasons for plaintiff's termination are privileged because they concern QQE's economic interests in running its business and protecting its workplace from abuse. (Opp. at 4.) The Court disagrees. As defendants themselves assert elsewhere in the opposition, communications regarding an employee's termination may be privileged when **between an employer and employees**. (*Id.* at 3; *see also Narayan v. Compass Grp. USA, Inc.*, 284 F. Supp. 3d 1076, 1086 (E.D. Cal. 2018).) In *Narayan*, plaintiff alleged that his employer made defamatory statements regarding plaintiff, a former employee, at an internal "termination meeting" where plaintiff's former manager was present. *Narayan*, 284 F. Supp. 3d at 1085-86. The court found that the common interest privilege applied because the communications took place between fellow managers who had a common business interest in plaintiff's termination. *Id*.

Here, although plaintiff has not identified the individuals to whom defendants communicated the defamatory statements, plaintiff alleges that the statements were communicated

"internal[ly] and external[ly]" "to third persons and to the community." (Compl. ¶ 65.) Further, plaintiff's allegations that Gauthier ignored multiple requests for disability accommodations and terminated plaintiff within days of plaintiff first taking medical leave support a finding of malice, as does plaintiff's allegation that the defamatory statements were "excessive and unsolicited." (*Id.* ¶¶ 9-15, 65.) Plaintiff has therefore possibly stated a claim for defamation to which the common interest privilege does not apply. *See Johnson v. Wells Fargo & Co.*, No. CV 14-06708 MMM JCX, 2014 WL 6475128, at *9 (C.D. Cal. Nov. 19, 2014) (finding that similar allegations were "sufficient to plead malice, at least for purposes of avoiding removal on the basis of fraudulent joinder"); *Gardner v. Shasta Cty.*, No. 2:06CV0106MCE-DAD, 2007 WL 3243847, at *5 (E.D. Cal. Nov. 1, 2007) (noting that common interest privilege "may be lost if the defendant abuses the privilege by excessive publication or the inclusion of immaterial matter which have no bearing upon the interest sought to be protected").

As to the second issue, the Court considers whether the allegedly defamatory statements were, as defendants argue, non-actionable statements of opinion. In doing so, the Court is cognizant that the standard for establishing fraudulent joinder "is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is *a possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani,* No. C–96–3344 SI, 1996 WL 732506, *3 (N.D. Cal. Dec. 11, 1996) (emphasis supplied); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (defendants are fraudulently joined if they cannot be liable "on any theory").[5] Moreover, "[i]n determining whether a defendant was joined fraudulently, the court resolves all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Lieberman*, 1996 WL 732506, at *2 (citation omitted).

Here, plaintiff alleges that Gauthier publicized that plaintiff was a poor performer and unable to perform the duties of his position because of his disability. (Compl. ¶ 15). Although a

---

[5] Because the standard of review for assessing fraudulent joinder is different than the standard for determining failure to state a claim under Rule 12(b)(6), the Court disagrees with defendants' assertion that the "outcome of this Motion will rise or fall depending on how Gauthier's Motion to Dismiss is decided." (Opp. at 2.)

statement regarding poor performance alone may constitute a mere opinion, plaintiff's allegations, which "suggest a[] lack of . . . competency on [plaintiff]'s part" due to plaintiff's disability, are sufficiently concrete that a state court could find them to be statements of fact. *Gould v. Md. Sound Indus., Inc.*, 31 Cal. App. 4th 1137, 1154 (1995); *see also Jeffers v. Screen Extras Guild,* 107 Cal.App.2d 253, 255 (1951) ("[A]most any language which upon its face has a natural tendency to injure a person's reputation, either generally or with respect to his occupation" may fall within the definition of libel or slander.). Thus, although the Court takes no position on whether plaintiff has pleaded sufficient facts to successfully state a claim for relief against Gauthier, it is at least *possible* that plaintiff *may* be able to state such a claim, either based on the complaint as pleaded or if granted leave to amend. *See Umamoto v. Insphere Insurance Solutions, Inc.,* No. 13–CV–0475–LHK, 2013 WL 2084475, at *6 (N.D. Cal. May 14, 2013) (although defamation claim against manager would likely fail because complaint alleged that corporation, not manager, made the allegedly defamatory statement, remand was warranted because there was a "non-fanciful possibility that [p]laintiffs m[ight] be able to cure their failure to allege that [the manager] was the originator of the allegedly defamatory statement in an amended complaint"); *Morales v. Gruma Corp.*, No. CV 13–7341–CAS–FFMx, 2013 WL 6018040, at *4-5 (C.D. Cal. Nov. 12, 2013) (allegations that defendants accused plaintiff of violating company policy and the law were sufficient to raise possibility that plaintiff could state a claim for defamation in state court); *Webber v. Nike USA, Inc.,* No. 12–CV–00974 BEN WVG, 2012 WL 4845549, *5-7 (S.D. Cal. Oct. 9, 2012) (defamation claim based on alleged statement that plaintiff was terminated for "poor performance" was sufficient to establish a possibility that the state court would find plaintiff adequately stated a defamation claim).[6]

Thus, the Court finds that defendants have failed to meet their burden to show that

---

[6] Defendants' reliance on *Jensen v. Hewlett-Packard Co.*, 14 Cal.App.4th 958 (1993) fails to persuade. In *Jensen*, the allegedly defamatory communication was a performance evaluation containing subjective evaluation categories, which plaintiff's manager prepared in the course of its designated duties, and which was circulated to plaintiff and a limited number of managers. *Id.* at 970. Here, in contrast, plaintiff alleges that the defamatory statements concerned plaintiff's termination following his requests for medical leave and were communicated to others outside of QQE. Thus, *Jensen* is distinguishable from the case at hand.

Gauthier was fraudulently joined. Accordingly, complete diversity, as required for diversity jurisdiction, does not exist.

### B. Request for Attorneys' Fees

Finally, plaintiff seeks attorneys' fees under 28 U.S.C. section 1447(c) on the ground that removal of the action was "frivolous." (Motion at 9.) Under section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorneys' fees under [section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

Plaintiff argues that he is entitled to attorneys' fees under section 1447(c) for two reasons. First, plaintiff contends that attorneys' fees are warranted because defense counsel did not meet and confer with plaintiff's counsel prior to filing the notice of removal, nor did defense counsel mention removal when the parties met and conferred regarding other issues on April 5, 2019. (Motion at 9.) However, the Court is not aware of any requirement that a party meet and confer prior to filing a notice of removal.[7] Moreover, the Court is skeptical that a meet and confer would have had any effect on defendants' decision to remove the case.

Second, plaintiff argues that he should be awarded attorneys' fees because the "plain language" of the pleadings stated a cause of action for defamation and slander per se against Gauthier, and accordingly, removal was objectively frivolous. (*Id.* at 9.) The Court disagrees. The Ninth Circuit has held that "removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.,* 518 F.3d 1062, 1065

---

[7] Plaintiff cites to *Bakari v. Foster Poultry Farms, Inc.*, No. 1:13-CV-01814-AWI, 2014 WL 67323 (E.D. Cal. Jan. 7, 2014) in support of his contention that he is entitled to attorneys' fees due to defendants' failure to meet and confer. The Court finds *Bakari* unpersuasive. There, the court found that the defendant lacked an objectively reasonable basis for removal because he attempted removal approximately eighteen months after the complaint was served. *Id.* at *3. The same is not true here. Moreover, although the *Bakari* court noted that "[i]f anything, the most prudent time to meet and confer to discuss removal and remand issues would be prior to filing the notice of removal," the court did not hold that a meet and confer was required. In any event, *Bakari* is not controlling precedent in this Court.

(9th Cir. 2008). Rather, in determining whether to award attorneys' fees and costs, a court must consider "whether the relevant case law clearly foreclosed the defendant's basis of removal." *Id*. at 1066. Here, although ultimately not persuasive, the Court does not find defendants' fraudulent joinder argument objectively unreasonable based on the prevailing case law and the complaint as currently pleaded. *See id*. at 1065-66 (district court did not abuse its discretion by denying attorney fee request where defendant's arguments in favor of removal were "novel" but not objectively unreasonable); *Umamoto*, 2013 WL 2084475, at *7 (denying request for attorneys' fees, noting that "[w]hile [p]laintiffs' claim against Feeny for defaming Shirley may be amended, as currently alleged, [p]laintiffs' claim likely does not state a valid cause of action").

Accordingly, plaintiff's request for attorneys' fees is denied.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** plaintiff's motion to remand and **DENIES** plaintiff's request for attorneys' fees. The Clerk of the Court is directed to remand this action to California Superior Court, County of Alameda.

This Order terminates Docket Number 19.

**IT IS SO ORDERED.**

Dated: June 13, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**